GENEROSO MARTÍNEZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, etc., Defendants.

No. 190. Submitted January 20, 1940.—Decided January 25, 1940.

*J. Pedro Miranda,* for petitioner; *M. León Parra,* for defendant; *Miguel A. Muñoz,* for the beneficiaries.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Generoso Martínez, through his attorney, filed on January 19th with the clerk of this Court a petition for a writ of review against a decision of the Industrial Commission rendered on December 20, 1939, in the case No. I. C. 6394, Santiago Rivera Ortiz, workman, Generoso Martínez, employer, not insured.

The petition states that on January 5th, 1940, the Industrial Commission denied a motion for reconsideration filed by petitioner. Attached to the petition are copies of the decisions of December 20, 1939, and January 5, 1940, of the Industrial Commission.

Upon reading the last of said decisions we find that it states:

"We do not believe we have erred in weighing the evidence or in applying Act No. 45 of April 18, 1935 (Laws of 1935, p. 251) in deciding this case, and we find no reason whatsoever in the motion for reconsideration to make us change our judgment. According to Section 9 of said law a motion for reconsideration should be filed within ten days after the party receives notice of the decision of the Commission. As the case was decided by the Commission on December 20, 1939, and as the parties were notified on the same date by the delivery of a copy of the decision and as the attorney for the employer requested the reconsideration of said decision on January 4, 1940, it appears that more than the 10 days provided by law have elapsed and in our opinion the right to a reconsideration has prescribed. But aside from this fact we find no reason whatsoever to reconsider our decision since, as we said before, a full study of the matters of fact and questions of law raised by the parties was made in said decision.

"For the foregoing reasons the Industrial Commission denies the reconsideration requested by the attorney for the employer and upholds its decision of December 20, 1939."

These being the facts, it is clear that we have no jurisdiction to review the decision, since the petition was filed after the time authorized by law.

To this effect Section 11 of Act No. 45, supra, which is the applicable statute, provides that any interested party may petition for a writ of review before the Supreme Court from an order or decision of the Industrial Commission "within the term of fifteen days after notification thereof." In this case the decision which we are asked to review was rendered and notified on December 20, 1939, and the petition for review was not filed until January 19, 1940, that is, when said term had more than elapsed.

It may be said that this term should be counted from January 5, 1940, and not from December 20, 1939, for that is the date on which the reconsideration was denied, and in that case the petition would be in time.

This would be so if the reconsideration in its turn had been requested within the term allowed by law, but as it was prayed for after the term had elapsed, the result is as though it had never been filed and we must go to the other date to compute the term for the review.

We should state here that it is not Section 9 of the Act that establishes the term for reconsideration, but Section 10 of the same, in the following manner: ". . . *Provided,* That the Commission may *motu proprio* or on request of an interested party, reconsider its decisions; *And provided, further,* That in this last case, the petition for reconsideration must be filed within ten (10) days after the date on which the interested person is notified of the decision of the Commission."

The petition for a writ of review is denied for lack of jurisdiction.